Lin v. Holder

BIA
Videla, IJ
A087 435 927

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

HEDI LIN,
> *Petitioner,*

v.                                          12-1843
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; Jennifer P.
                      Williams, Senior Litigation Counsel;
                      Lauren E. Fascett, Trial Attorney,
                      Office of Immigration Litigation,
                      United States Department of Justice,
                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hedi Lin, a native and citizen of the People's Republic of China, seeks review of a April 4, 2012, decision of the BIA affirming the April 14, 2010, decision of Immigration Judge ("IJ") Gabriel C. Videla, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hedi Lin*, No. A087 435 927 (B.I.A. Apr. 4, 2012), *aff'g* A087 435 927 (Immig. Ct. N.Y. City Apr. 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Lin does not challenge the IJ's pretermission of his asylum application

2

as untimely, or the denial of CAT relief, we consider only withholding of removal.

For applications such as Lin's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably based her credibility finding on Lin's inconsistent and implausible testimony and inconsistencies between his testimony and his documentary evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167. Indeed, the record reflects that: (1) Lin's testimony that the underground church he attended was called Lianjiang County

3

Christian Church, had a cross featured on its doors and a sign with its name, and, because it was illegal, it operated in secret to avoid interference by authorities was both implausible and contrary to his later testimony that the church actually was government-sanctioned with a government appointed pastor; (2) Lin changed his testimony three times regarding where he was baptized, stating first that he was baptized at an unnamed meeting place in a church member's home, then Lianjiang County Church, then Lianjiang County Hospital, and finally reasserting that he was baptized in a basement in a church member's home; and (3) Lin's testimony that he was not baptized in Lianjing County Church was contrary to the baptismal certificate he presented from that church.

The IJ was not required to credit Lin's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, because the IJ's assessment of Lin's demeanor as vague and non-responsive is supported by these "specific examples of

4

inconsistent testimony," we defer to that finding. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Likewise, because the IJ's implausibility finding is "tethered to the evidentiary record," based on Lin's description of his underground church as having visible decoration and identifying signage, we will not disturb that finding. *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

The IJ also reasonably relied on the lack of reliable corroborating evidence, particularly the absence of an affidavit from his wife, who had allegedly attended church with Lin in the United States. "An applicant's failure to corroborate his or her testimony [with evidence reasonably available to the applicant] may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Even though Lin's wife may have lacked a lawful immigration status and feared removal if she appeared in Court, that fear does not make her testimony unavailable because his wife would have only benefitted from her testimony because she would obtain derivative asylee status if her husband was granted asylum. *See Yan Juan Chen*

*v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). Additionally, Lin did not explain why his wife could not have submitted an affidavit, which would not have required her to appear in Court.

The IJ also reasonably afforded minimal weight to the only corroborating documentary evidence Lin submitted, because: (1) the author of one letter, Chih Pin Charles Tu, did not know Lin; (2) the letters from his fellow practitioners were from interested parties who were not subject to cross-examination; and (3) the baptismal certificate was not signed, Lin could not identify who had completed the certificate, and the certificate stated that he was baptized in Lianjiang Country Christian Church, contrary to his testimony that he was baptized in a house church. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight to be afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

With regard to a letter from Pastor Tsung-Shih Fred Hsu, the BIA noted that the IJ did not thoroughly explain her bases for affording the letter minimal weight, but nevertheless found no error because, based on Lin's "contradictory testimony as to whether he in fact asked

6

Pastor Hsu to appear as a witness on his behalf," the letter was not entitled to full weight.

Given Lin's inconsistent testimony, adverse demeanor, and failure to corroborate his claim, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Yanqin Weng*, 562 F.3d at 513. Accordingly, the IJ did not err in denying withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Lin's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7